UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| CHRISTOLA WALTON, as Executrix on behalf of the ESTATE OF DECEDENT, CHRISTINE BRITTON, and GREGORY J. WALTON and THERESSIA W. GARNER as Heirs of the ESTATE | * SUIT NUMBER _____ |
| VERSUS | *JUDGE |
| NEXION HEALTH AT MINDEN, INC., d/b/a MEADOWVIEW HEALTH AND REHABILITATION CENTER | *MAGISTRATE JUDGE |

## ORIGINAL COMPLAINT

NOW INTO COURT, through undersigned counsel, comes CHRISTOLA WALTON, a major domiciliary of Minden, Webster Parish, Louisiana, as EXECUTRIX ON BEHALF OF THE ESTATE OF DECEDENT, CHRISTINE JAMES BRITTON, and GREGORY J. WALTON and THERESSIA W. GARNER, as Heirs of the ESTATE, hereinafter referred to as "Plaintiffs", who, with respect represent:

1.

Made defendant herein is:

  NEXION HEALTH AT MINDEN, INC., a non-Louisiana business
  corporation organized pursuant to the laws of the State of Delaware d/b/a
  MEADOWVIEW HEALTH AND REHABILITATION CENTER, a

1

nursing home licensed to do and doing business in the State of Louisiana, with its principal place of business in Webster Parish, which may be served through its agent for service of process, CT Corporation System, 5615 Corporate Boulevard Suite 400B, Baton Rouge, Louisiana 70808; hereinafter referred to as "Meadowview."

2.

Plaintiff, CHRISTOLA WALTON shows that she is the executrix of the estate of the decedent, CHRISTINE JAMES BRITTON, who died on September 8, 2007, and is the proper party to bring the instant suit for the survival action pursuant to Louisiana Civil Code Article 2315.1 (B) due to the absence of any class of beneficiaries as set out in Section A of said Article, and also named as Plaintiffs are GREGORY J. WALTON, an individual of the age of majority domiciled in the State of Texas, and THERESSIA W. GARNER, an individual of the age of majority domiciled in this Parish and State, as testamentary legatees of the entire Estate of Decedent, are the proper parties to pursue the wrongful death action pursuant to Louisiana Civil Code Article 2315.2(C).

3.

This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332 because the Plaintiff and the Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

4.

Venue is proper with this Honorable Court because two of the Plaintiffs resides herein and the incident(s) complained of occurred herein in Webster Parish, Louisiana.

5.

Plaintiffs shows that the defendant herein is liable for any and all damages as are reasonable in the premises.

6.

The amount of damages sought herein are sufficient to establish jurisdiction in this Court, and should include legal interest thereon from April 4, 2008, the date the request for the Medical Review Panel was submitted, until paid and for all costs of these proceedings.

7.

Plaintiff shows that a claim letter dated March 31, 2008, was filed against the defendant, Meadowview, and received by the Commissioner of Administration on April 4, 2008, with a supplemental claim filed and received on the respective dates of April 30, 2008, and May 2, 2008, pursuant to the Louisiana Medical Malpractice Act. Plaintiff shows that this matter was submitted in accordance with Louisiana law to a medical review panel who rendered an opinion that the defendant did not fail to comply with the appropriate standard of care as charged in the complaints by opinion dated on or about September 22, 2010.

8.

Plaintiff shows that Ms. Christine Britton (hereinafter referred to as "Ms. Britton") was a ninety six year old female at the time of her death, and was admitted to Meadowview on December 21, 2005. Plaintiff shows Ms. Britton's medical issues

included a medical history of osteoarthritis, hypertension, dementia, COPD, anemia, asthma, carpal tunnel syndrome dysphagia and diabetes.

9.

Plaintiff further shows that Ms. Britton required assistance with activities of daily living, including bathing, dressing, transferring, toilet use, hygiene, grooming, ambulation, bed mobility and transfers.

10.

Plaintiff shows that upon admission on December 21, 2005, Ms. Britton was not assessed for the risk for skin breakdowns and pressure ulcers in accordance with the Braden Skin Assessment Tool or other available assessment techniques. However a pressure reducing mattress was placed on the bed and weekly skin checks were ordered by Dr. Irizarry.

11.

Plaintiffs show that throughout the course of her residency and treatment at Meadowview and even following her discharge to Minden Medical Center on September 8, 2007, and her death on that date, Plaintiffs were never made aware of changes to Ms. Britton's skin condition, nor were they advised by staff that she had developed ulcers which continued to progress and worsen until her death.

12.

Plaintiffs show that they were made aware of these sores by the staff of the funeral home preparing her body for the funeral and burial.

13.

Plaintiffs show that they have no knowledge of exactly when the sores developed and what, if anything, was done to assess and treat them. However, based on information and knowledge Plaintiffs allege that these sores were not present prior to Ms. Britton's admission to Meadowview.

14.

Plaintiffs show that Ms. Britton fell on March 31, May 9, May 22 and July 9 of 2007 and that no nurse's notes were made addressing the first two falls and that no occurrence or investigative reports were made concerning these falls. In addition, Meadowview failed to make changes in its preventative treatment plans to insure Ms. Britton's safety.

15.

Nursing records of June 24, 2007, indicate that Ms. Britton had a pressure ulcer on her right heel and which on July 18, 2007, was noted to be Stage II with drainage.

16.

Plaintiff shows that due to the lack of appropriate nursing care in attending to her, Ms. Britton was sent to the emergency room at Minden Medical Center on July 28, 2007. She was diagnosed with a urinary tract infection and an infection in her blood stream. Suffering from severe dehydration, she was made a high risk for pressure ulcers.

17.

Ms. Britton was re-admitted to Meadowview on August 4, 2007, where she

remained until again evacuated to Minden Medical Center on August 19, 2007. She was placed in the intensive care unit with a diagnosis of sepsis, dehydration, acute renal failure and thrombocytopenia. On August 28, 2007 she was discharged to Meadowview. At that time Ms. Britton had 9 areas of skin breakdowns and pressure ulcers ranging from unstageable areas to Stage IV pressure ulcers. Her continuing decline led to hospitalization on September 7, 2007, and her death on the same day.

18.

Plaintiffs show that Meadowview failed to implement or adhere to proper care plans for Ms. Britton's medical welfare, and that its multiple failures in providing the standard medical care and services to prevent the pressure ulcers that developed and the blatant lack of care for Ms. Britton was the cause of her extreme decline in health. and ultimately caused her death.

19.

At all times pertinent hereto, Ms. Britton, was a patient under the care and treatment of defendant, Meadowview.

20.

Plaintiffs show that the death of Christine Britton was the direct and proximate cause by the defendant, Meadowview, by its negligence, fault and deviation from the standard of care on defendants' part, in the following non-exclusive ways:

    a)    Failure to provide timely and vigilant skin care and interventions;
    b)    Failure to consistently monitor the progress of wound healing and update the treatment plan and interventions in a timely manner;

- c) Failure to accurately monitor and document dietary intake and provide nursing interventions for Ms. Britton's difficulty chewing and swallowing, and decreased nutritional intake;
- d) Failure to keep accurate medical records that reflected changes in Ms. Britton's medical status;
- e) Failure to complete an Event Occurrence Report along with an investigation and follow up of each of Ms. Britton's falls;
- f) Failure to properly care and treat Ms. Britton;
- g) Failure to accurately and adequately monitor, assess, and intervene in a timely manner;
- h) Failure to accurately document changes in Ms. Britton's condition;
- i) Failure to appreciate the seriousness of Ms. Britton's condition;
- j) Failure to administer the proper medical treatment consistent with the symptoms of Christine Britton; and
- k) Failing to administer proper medical treatment and other acts of negligence, fault and/or deviation from the standard of care, as will be revealed through discovery and thereafter shown at the trial of this matter.

21.

As a result of the negligence and deviation from the standard of care, Plaintiffs, GREGORY J. WALTON and THERESSIA W. GARNER suffered the following, among other, non-exclusive injuries:

- a) Loss of love and affection of their grandmother, Christine Britton;
- b) Mental pain, and anguish;
- c) Emotional distress;
- d) Loss of society;
- e) Wrongful death of their grandmother;
- f) Medical expenses;
- g) Funeral expenses; and
- l) Other damages known and unknown to be shown more specifically at trial on the merits and through discovery.

22.

As a result of the negligence and deviation from the standard of care, CHRISTINE

BRITTON suffered physical pain and suffering, emotional pain and suffering and an untimely death.

23.

The aforestated actions of the defendant, Nexion Health at Minden, Inc. d/b/a Meadowview Nursing and Rehabilitation Center, fall below the medical standard of care and duty owed to plaintiff and plaintiff is entitled to be fully compensated for all losses, injuries, and damages which she has suffered as a result of the afore stated medical malpractice of defendants, Nexion Health at Minden, Inc. d/b/a Meadowview Nursing and Rehabilitation Center.

24.

At the time of the incident complained of herein the defendant, Nexion Health at Minden, Inc. d/b/a Meadowview Nursing and Rehabilitation Center, was an enrollee under Louisiana Revised Statute 1299.39, et seq., and maintained professional coverage for damages such as those sued for herein by plaintiffs.

25.

That it may be necessary for the plaintiffs to call expert witnesses on their behalf at the trial of this matter and that the fees of such expert witnesses should be assessed as costs herein and borne by the defendant.

WHEREFORE, PLAINTIFFS, CHRISTOLA WALTON, as EXECUTRIX ON BEHALF OF THE ESTATE OF DECEDENT, CHRISTINE JAMES BRITTON, and GREGORY J. WALTON and THERESSIA W. GARNER, as Heirs of the ESTATE, pray that defendant, NEXION HEALTH AT MINDEN D/B/A MEADOWVIEW NURSING AND REHABILITATION CENTER, be duly served with a certified copy of the above and foregoing petition for damages and be cited to appear and answer same;

PLAINTIFFS, CHRISTOLA WALTON, as EXECUTRIX ON BEHALF OF THE ESTATE OF DECEDENT, CHRISTINE JAMES BRITTON, and GREGORY J. WALTON and THERESSIA W. GARNER, as Heirs of the ESTATE, further pray that after due proceedings had that there be judgment in her favor and against defendant, NEXION HEALTH AT MINDEN D/B/A MEADOWVIEW NURSING AND REHABILITATION CENTER CENTER, for a sum sufficient to compensate plaintiff for all losses, injuries and other damages which they have suffered as a result of the aforementioned malpractice by defendants with legal interest from the date that the request for the Medical Review Panel was made; until paid, and for all costs of these proceedings, including the fees of any expert witnesses that may be called to testify on behalf of the plaintiffs at the trial of this matter, and for all orders and decrees necessary and proper, considering the premises.

PLAINTIFFS, CHRISTOLA WALTON, as EXECUTRIX ON BEHALF OF THE ESTATE OF DECEDENT, CHRISTINE JAMES BRITTON, and GREGORY J. WALTON and THERESSIA W. GARNER, as Heirs of the ESTATE, further pray for

full, general and equitable relief.

Respectfully submitted,

/s/Patrick R. Jackson
Patrick R. Jackson
Patrick R. Jackson, APLC
Louisiana Bar No. 25722
4442 Viking Drive, Suite 100
Bossier City, Louisiana 71111
Telephone: (318) 752-3335
Facsimile: (318) 752-3315
ATTORNEY FOR PLAINTIFFS